*G. Folsom*, for plaintiff in error.

*J. D. Templin*, for defendant.

————•◇•————

FRIEND & Co., *v.* BEEBE.

Where the indorser at the time he assigned the note, requested the indorsee not to enforce collection against the maker until the next fall after the note became due, and during such indulgence the maker became insolvent; held that the indorser could show these facts by parole in justification of the delay.

An indorser of a note cannot avail himself of delay in commencing suit against the maker, where he expressly requested such indulgance for the maker.

Parole evidence admissable to show upon what terms and conditions the note was assigned by indorsement.

ERROR *to Washington District Court.*

*Opinion by* WILLIAMS, C. J.    Jesse Beebe brought suit in assumpsit against the firm of J. H. Friend & Co., as the indorsers of a promisory note given to the firm by one Lyman Chase, dated April 24th, 1848, for eight hundred

and twenty-one dollars and twenty cents, and payable to J. H. Friend & Co., or order, one day after date. In 1848, after the note became due, being unpaid, it was transferred by indorsement, by J. H. Friend & Co., to Jesse Beebe. After due and dilligent prosecution, in order to secure the payment of the amount of the note from Chase, and failure to collect it, Chase being insolvent, this action has been commenced against the firm as indorsers. The note is in the common form, promising to pay the sum of eight hundred and twenty-one dollars and twenty cents, for value received. It is endorsed: " Pay the within note to Jesse Beebe. J. H. FRIEND & Co."

The plaintiffs declared specially and also in common counts, and filed a bill of particulars.

The attorney for the defendants demurred specially, and the demurrer was sustained as to the first and sixth counts in the declaration. The defendant then put in his plea of non-assumpsit to the other counts, issue was joined and the cause heard by a jury. A verdict was rendered for the plaintiff for nine hundred and forty-nine dollars and ten cents, and judgment entered thereon. Several questions were raised on the trial as to the evidence, &c., which were duly disposed of by the court. Deeming but one of these of sufficient importance to demand special attention here, we will proceed to dispose of it. It appears by the bill of exceptions, No. 2, that on the trial the plaintiff, Beebe, offered evidence to the jury, to prove that at the time the note was transferred and indorsed to him by J. H. Friend & Co., " J. H. Friend, defendant, and the acting member of the firm of J. H. Friend & Co., requested said Beebe not to sue on said note until fall, and that it was then and there understood between Friend & Beebe, that said note should not be sued on until fall in said year." This evidence was objected to by the defendant's counsel. The objection was overruled, and the court permitted it to go to the jury. To

Friend v. Beebe.

this ruling of the court defendant excepted. The court also on this point instructed the jury as follows: "If the jury are satisfied from the evidence that the plaintiff in this case was induced, at the request of the defendants, not to commence suit against the maker of the note until the expiration of a certain length of time, named by the parties, and if the jury are furthermore satisfied from the evidence, that at the expiration of the time so agreed upon by the parties, in which suit was not to be commenced against the maker; the plaintiff having acted upon that request, a suit would have been unavailing against the maker up to the time of the commencement of the present suit, then the plaintiff will be entitled to recover."

The admission of the evidence above stated, and this instruction of the judge is complained of as error.

The only question here presented is this: Did the court err by allowing plaintiff to prove the parole agreement of the parties as to the time when Beebe should proceed to collect the amount of the note from Chase; that agreement being cotemporaneous with the execution of the assignment? This question has been adjudicated, in substance, heretofore; although presented in shape somewhat different. The principle involved has been settled. The general rule "that cotemporaneous conversations and undertakings of the parties at the time of the making of a written contract, cannot be admitted to vary, change or contradict that contract is fully recognized by this court. But to let it apply to every contract in the making of which it becomes proper and necessary, for some special purpose appertaining to such contract, to make an instrument in writing would thwart the highest designs of both law and justice. For the ruling of this court on this subject we refer to the cases of *Taylor for the use of D. S. Baker* v. *David Galland and others;*\* and the case of *The Steamboat Wisconsin* v. *W. L. Young.*†

\*Ante. 16.   †Ante. 269.

R

Although parole agreements made previous to, or cotem-poraneously with the execution of a written contract, con-cerning the same subject matter, cannot be permitted to vary, contradict or destroy that which has been written; nevertheless it has been often adjudged by the courts that parole testimony may be allowed to show mistake or fraud in such contract. The principle is also well established, that where the written contract is incomplete, or where the written instrument does not purport to set out a contract at large in terms, but is evidently made to carry out some specific object relating to, or arising from, the contract between the parties, then parole evidence of the contract may be given.

But the case at bar presents the question in this shape: Friend, who transferred the note, at the time of the assign-ment, standing in the legal position of an assignor, liable on his indorsement to Beebe, if the latter should exercise proper diligence in urging the payment by Chase, himself proposes and requests of Beebe that he should not proceed to collect it until fall; to this Beebe agrees, and accordingly keeps the agreement on his part. Having proceeded at the expiration of the time appointed, he finds Chase insolvent; returning to Friend, the assignor, for his money he is informed that he had been negligent in not proceeding, at once, to collect the note from Chase, and that he, Friend, is not liable on his indorsement. It is fairly presumable that, as men of business, each of the parties understood his rights and responsibilities under the assignment. Doubt-less if this parole understanding and agreement had not been made, Beebe would have proceeded without delay to collect the amount of the note from Chase, so that in case of failure he might have legal recourse on Friend & Co., the assignor. Friend likewise must have known this. The legal effect of this agreement was that he undertook to release Beebe from the obligation to press the collection of the money from Chase until the fall, and agreed on that

Friend v. Beebe.

condition to be responsible for the consequences. Assignments are mostly made in brief by indorsing the name of the assignor. The terms on which the assignment is made is seldom if ever given in extenso; but the assignor may assume the responsibility of releasing the assignee from the legal necessity of pressing the payment by legal procedure. If he do so, he is responsible in case of the failure to pay on the part of the drawer, should he become insolvent. The evidence here offered in parole was part of the res gestae. The agreement made created a liability on the part of Friend & Co., which he would not have rested under by virtue of the mere indorsement on the note in blank. To permit him to escape from that liability, upon the event of Chase's insolvency, within the time prescribed in the contract and within which Beebe was not to sue, would be to give countenance to a fraud on Beebe, who acted in good faith.

It has been decided in Pennsylvania that "conversations at the time of a transaction are a part of the *res gestae*, and may be proved." *Rock* v. *Howell*, 7 Watts and Sargt. 350.

It has also been decided that "parole evidence is admissible to show that a written agreement had been received so far as related to the time of the delivery of a chattel." *Chiles* v. *Jones*, 3 B. Monroe, 51. For authority touching this point we refer to *Minchee* v. *Cook*, 1 Alabama 41; *Hayworth* v. *Worthington*, 5 Blackford 361. In this latter case a bill of sale *absolute* in its face had been given, yet it was decided that parole evidence was admissible to show that it was intended by the parties to operate only as a mortgage. The learned judge remarked in deciding this case, "that these decisions are based upon the assumption that the admission of such evidence is necessary for the prevention of fraud." Clearly, if the substance of this agreement by parole had been to expose a fraud, or had been to show mistake, it would be admissible in evidence.

If a solemnly written agreement may be waived and

proof of that waiver be made in parole, certainly a mere indorsement of assignment on a note may be qualified by the express agreement in parole of the parties at the time of making it; and parole evidence of that agreement may be allowed to enforce the legal obligations of that agreement. Such evidence is not taken to vary, contradict, explain or destroy the assignment, but to establish the truth between the parties as to their terms and conditions upon which the assignment was made; that their expressed design may prevail instead of that which otherwise would exist by implication of law. The principle here decided is maintained in 2 vol. Cowan and Hills notes, 1460, 1461, 1472, 1473.

We find no error in the instructions given by the judge to the jury. As the other points in the case are deemed unimportant, we will omit noticing them.

Judgment affirmed.

*N. Everson*, for plaintiff in error.

*Curtis Bates*, for defendant.